UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL ELECTRIC CAPITAL CORPORATION,
a foreign corporation,

        Plaintiff,

vs.

Case No. 06-CV-14368
HON. GEORGE CARAM STEEH

JAMES P. HOVEY d/b/a PURPLE LEAF NURSERY,
and CINCINNATI INSURANCE COMPANY,
an Ohio Corporation,

        Defendant/Third-Party Plaintiff,

vs.

KAISER CONSTRUCTION COMPANY,
a Florida Corporation,
CINCINNATI INSURANCE COMPANY,
an Ohio Corporation,
and SCOTT MILLER EQUITIES, INC.,
d/b/a Miller Insurance Group Agency,
a Michigan Corporation, jointly and severally,

        Third-Party Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST JAMES HOVEY D/B/A PURPLE LEAF NURSERY ONLY (#26)

In this breach of contract case, General Electric Capital Corporation ("GE Capital") seeks to recover the balance on an equipment lease agreement with James Hovey. On June 18, 2007, GE Capital moved for summary judgment against Hovey, arguing that Hovey failed to submit any legal defense in this action, and that there is no disputed issue of fact. Hovey, who is represented by counsel, has not filed a response to GE Capital's motion. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

## I. Background

On or about September 23, 2005, GE Capital executed a Lease Agreement ("Lease") with Hovey for the use of certain construction equipment ("Equipment") in his job as a contractor. The terms of the Lease obliged Hovey to make monthly payments for the use of the Equipment, and allowed for an acceleration of the balance if Hovey defaulted in his payments. Hovey secured an insurance policy through Third-Party Defendants Cincinnati Insurance Company ("Cincinnati") and Scott Miller Equities, Inc. ("Miller") to cover the Equipment. GE Capital delivered the Equipment to Hovey, and Hovey made some payments pursuant to the Lease. In the fall of 2006, Hovey defaulted on his payments.

In his answer and third-party complaint, Hovey describes the circumstances surrounding the default. In or about March of 2006, Hovey obtained a contract with Third-Party Defendant Kaiser Construction Company ("Kaiser"), transported the Equipment to Florida, and stored the Equipment at a "staging area" of Kaiser's work site. Kaiser subsequently informed Hovey that Hovey's services would be temporarily halted, but that there would be future projects. Kaiser allowed Hovey to park the Equipment in the "staging area" in anticipation for the future projects and until further notice. Hovey returned to Michigan. In or about July 2006, Kaiser asked Hovey to remove the Equipment, as no jobs materialized that would require use of the equipment. On or about July 29, 2006, Hovey arrived at the "staging area" and discovered the Equipment was gone. Unable to determine from Kaiser what had happened to the Equipment, Hovey reported the Equipment stolen to the police. On or about August 10, 2006 Hovey notified Miller and Cincinnati of the events surrounding the loss of the equipment.

On October 4, 2006, GE Capital initiated this suit to recover for the accelerated balance of $97,660.00 plus interest, and attorney fees. Hovey filed third party claims against Kaiser, Miller, and Cincinnati on May 7, 2007, alleging that Kaiser breached his duty as a bailee, and that Miller and Cincinnati breached their contract with Hovey by failing to pay the claim and defend Hovey in the present action. On May 31, 2007, GE Capital amended its complaint to name Cincinnati as a defendant. On June 18, 2007, GE Capital moved for summary judgment against only Hovey. Hovey has not filed a response with this Court.

## II.  Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000).

### III. Analysis

This is a straightforward breach of contract case. The Lease obligates Hovey to make monthly payments, even in cases of theft or loss. Given the default, GE Capital is entitled to recover the balance. Hovey, who has not responded to the motion, does not dispute the default, contest the terms of the Lease, or bring forth evidence to support any legal defenses. This Court notes that Hovey's answer to the complaint indicates that his insurance claim with Cincinnati and Miller is unresolved. Hovey's dispute with Cincinnati and Miller does not dissolve Hovey's duty to perform under his contract with GE Capital. As Hovey failed to establish a genuine issue relating to his default, GE Capital is entitled to summary judgment as a matter of law. First Nat'l Bank v. Cities Serv. Co., 391 U.S. at 270. Accordingly,

Plaintiff's motion for summary judgment on the balance of the Lease is hereby GRANTED[1].

SO ORDERED.

Dated: July 25, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 25, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---

[1] Plaintiff's unsupported request for attorney fees is DENIED.